UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS AYALA,

          Petitioner,

v.                                  CASE NO. 10-14054
                                  HONORABLE ARTHUR J. TARNOW

JEFFREY WOODS,

          Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO RETAIN JURISDICTION

On October 8, 2010, petitioner Alexis Ayala filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenged Petitioner's Macomb County convictions for first-degree murder and possession of a firearm during the commission of a felony. On October 22, 2010, the Court transferred the habeas petition to the United States Court of Appeals for the Sixth Circuit because the petition was a second or successive petition to one filed in 1996. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring habeas petitioners who desire to file a second or successive petition to first ask the appropriate court of appeals for an order authorizing the district court to consider the application); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (explaining that, when a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631).

Pending before the Court is Petitioner's motion to have the Court retain jurisdiction of his habeas case. Petitioner claims that his previous habeas petition was filed before 28 U.S.C. §

*Ayala v. Woods*, No. 10-14054

2244(b)(3)(A) was enacted as part of the Antiterrorism and Effective Penalty Act of 1996 (AEDPA). Consequently, argues Petitioner, his 2010 petition was properly filed in the District Court and the Court has jurisdiction to adjudicate the petition.

It is true that "not every numerically second petition is 'second or successive' for purposes of AEDPA." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). "The Supreme Court 'has declined to interpret "second or successive" as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application.'" *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).

Nevertheless, Petitioner's 1996 habeas petition was decided on the merits, and the United States Court of Appeals for the Sixth Circuit has said that a second-in-time habeas petition is governed by AEDPA even if the prior habeas petition predated the effective date of the AEDPA. *In re Byrd,* 269 F.3d 561, 566 n.3. (6th Cir. 2001) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000), and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998)). The Court therefore concludes that it has no jurisdiction to adjudicate the merits of Petitioner's habeas claims unless and until the Court of Appeals authorizes it to do so.

Therefore, Petitioner's motion for the Court to retain jurisdiction and to adjudicate his habeas petition [Dkt. #4] is **DENIED**.

        S/Arthur J. Tarnow  
        Arthur J. Tarnow  
        Senior United States District Judge

Dated: April 12, 2011

*Ayala v. Woods*, No. 10-14054

I hereby certify that a copy of the foregoing document was served upon counsel/parties of record on April 12, 2011, by electronic and/or ordinary mail.

                                  S/Catherine A. Pickles
                                  Judicial Secretary